IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SEOUL GUARANTEE INS. CO.,    )
                             )
     Petitioner,             )
                             )      CIVIL ACTION NO.
     v.                      )        2:08mc3422-MHT
                             )             (WO)
YOUNG JIK SHON,              )
                             )
     Respondent.             )
```

## OPINION

Respondent Young Jik Shon filed an emergency motion asking the court to set aside a certificate of judgment and quash writs of garnishment issued in this case. He contends that the certificate of judgment, which was issued pursuant to 28 U.S.C. § 1963, should not have issued and that the writs of garnishment subsequently issued were thus also improper. For the reasons that follow, Shon's motion will be granted.

## I. BACKGROUND

On September 30, 2008, petitioner Seoul Guarantee Insurance Company filed a petition to register a Seoul Central District Court judgment against Shon in this court. Based on this petition, the clerk of the court issued a "Certificate of Judgment," which stated that "there was registered under the provisions of Section 1963, titled 28, U.S. Code, a judgment entered in the Seoul Central District Court." Seoul Guarantee then filed applications for writs of garnishment against Bank of America, N.A., Morgan Keegan & Company, Inc., My Tech Alabama, Inc., Regions Bank, N.A., and SCA, Inc., and the clerk of the court issued garnishment writs against them.

Shon contends that the registration was improper because 28 U.S.C. § 1963 provides for the registration of only certain federal-court judgments. In its response, Seoul Guarantee concedes that the certificate of judgment should not rely upon § 1963; Seoul Guarantee contends, however, that it is nonetheless entitled to register the

foreign judgment in district court because the Eleventh Circuit Court of Appeals has held that a South Korean judgment has the status of a "sister state" judgment under The Treaty of Friendship, Commerce and Navigation Between the United States of America and the Republic of Korea.  See Daewoo Motor Am. v. GMC, 459 F.3d 1249 (11th Cir. 2006), cert. denied, 127 S. Ct. 2032 (2007).

## II.   ANALYSIS

Seoul Guarantee  is correct that the Korean judgment should be treated as the judgment of a state court.  The Treaty of Friendship, Commerce and Navigation Between the United States of America and the Republic of Korea, 8 U.S.T. 2217, provides that, "Nationals and companies of either Party shall be accorded national treatment and most-favored-nation treatment with respect to access to the courts of justice ... in all degrees of jurisdiction, both in pursuit and in defense of their rights." Article V, § 1.  The treaty further explains that "'national

treatment' means treatment accorded within the territories of a Party upon terms no less favorable than the treatment accorded therein, in like situations, to nationals, companies, products, vessels, or other objects, as the case may be, of such party." Article XXII, § 1.  In <u>Vagenas v. Continental Gin Co.</u>, 988 F.2d 104 (11th Cir. 1993), the appellate court considered the effect of a treaty with identical language between the United States and Greece and concluded that the text plainly required courts to give Greek judgments the same status as the judgments of sister state courts.  <u>Id</u>. at 106.  Similarly, United States courts--state and federal--must treat Korean judgments as judgments of a "sister state."  <u>See</u> <u>Daewoo</u>, 459 F.3d at 1259 ("Under The Treaty of Friendship, Commerce and Navigation Between the United States of America and The Republic of Korea, 8 U.S.T. 2217, ... a Korean judgment is elevated to the status of a sister state judgment.").  Thus, in this case, the court should treat the Seoul Guarantee

judgment the same as it would the judgment of a United States state court.

However, this does not mean that Seoul Guarantee is entitled to register the judgment in federal court. First, the statute that the clerk relied on to register the judgment, 28 U.S.C. § 1963, applies to only federal-court judgments. Section 1963 provides that, "A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered ...." Court have consistently determined that federal courts may register the judgments of only those courts enumerated in the statute. See, e.g., Fox Painting Co. v. N.L.R.B., 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of section 1963 grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade. The language is unambiguous."). Because, by its own terms, § 1963 does

5

not include state-court judgments, federal courts are without authority to register state-court judgments. Caruso v. Perlow, 440 F. Supp. 2d 117, 118 (D. Conn. 2006) (Kravitz, J.); Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc., 431 F. Supp. 2d 705, 708 (E.D. Ky. 2006) (Tatenhove, J.); Atkinson v. Kestell, 954 F. Supp. 14, 15 n.2 (D.D.C. 1997) (Green, J.), aff'd, 156 F.3d. 1335 (D.C. Cir. 1998).  Second, Seoul Guarantee has not pointed to any federal statute that provides for registering state-court judgments in a federal court.[1]

***

---

[1]   Although, of course, Article IV of the United States Constitution requires federal courts to give full faith and credit to the judgments of state courts, courts distinguish between giving full faith and credit to another court's judgment and registering the judgment. W.S. Frey Co., Inc. v. Precipitation Associates of America, Inc., 899 F. Supp. 1527, 1528 (W.D. Va. 1995) (Crigler, M.J.).  Giving a judgment its full faith and credit generally means giving it preclusive effect, while registering the judgment amounts to adopting it as the court's own.  Id.

In sum, this court does not have authority to register the Korean judgment.[2]  An appropriate judgment will be entered.

DONE, this the 15th day of December, 2008.

      /s/ Myron H. Thompson
   UNITED STATES DISTRICT JUDGE

---

2.  This court takes no position, however, on whether Alabama law would allow the registration of Seoul Guarantee's judgment with the appropriate state entity or would allow an action to enforce (as opposed to registering) the judgment in an appropriate court.  See Caruso, 440 F. Supp. 2d at 119.